# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:24-CV-837-KDB-DCK

| | |
|---|---|
| **BLAIR ARTIS and JONATHAN FISHER,** | ) |
| **Plaintiffs,** | ) **ORDER** |
| v. | ) |
| **GARDAWORLD CASH SERVICE INC.,** | ) |
| **Defendant.** | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss Plaintiffs' Complaint" (Document No. 13) filed December 2, 2024. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will direct that the pending motion to dismiss be <u>denied</u> as moot.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

## DISCUSSION

In response to the pending motion to dismiss, Plaintiffs filed a "First Amended Class Action Complaint" (Document No. 16) as a matter of course on December 16, 2024, which supersedes the original Complaint (Document No. 1). As such, the undersigned will direct that "Defendant's Motion To Dismiss Plaintiffs' Complaint" (Document No. 13) be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint").

To the extent Defendant contends the Amended Complaint is deficient, this Order is without prejudice to Defendant filing a renewed motion to dismiss the Amended Complaint.

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion To Dismiss Plaintiffs' Complaint" (Document No. 13) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: December 16, 2024

David C. Keesler
United States Magistrate Judge