IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-CV-00837-KDB-DCK

| | |
|---|---|
| JONATHAN FISHER AND BLAIR ARTIS,<br><br>Plaintiffs,<br><br>v.<br><br>GARDAWORLD CASH SERVICE INC.,<br><br>Defendant. | **MEMORANDUM AND ORDER** |

In this ERISA action, Plaintiffs moved to substitute new representative plaintiffs and amend their First Amended Complaint after discovering that the original putative class representative plaintiffs had not participated in the employer-sponsored health plan (the "Plan") in dispute. Defendant responded in opposition and moved to dismiss the matter for lack of subject matter jurisdiction. Now before the Court are Plaintiffs' Motion to Amend/Correct Amended Complaint and Substitute Named Representative Plaintiffs (Doc. No. 40), and Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. No. 42) for lack of jurisdiction. The Court has carefully considered the motions, and the parties' briefs and exhibits. Because the Court finds it lacks subject matter jurisdiction as discussed below, the Court will **GRANT** Defendant's Motion (Doc. No. 42) and **DENY** Plaintiffs' Motion (Doc. No. 40).

I.     LEGAL STANDARD

Because it defines a court's power to adjudicate cases and controversies, whether a court has subject matter jurisdiction is a "threshold matter" that a court must consider prior to reaching the merits of a dispute. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998);

1

*Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). No other matter can be decided without subject matter jurisdiction. *See United States v. Cotton*, 535 U.S. 625, 630 (2002); *U.S. v. Wilson*, 699 F.3d 789, 793 (4th Cir. 2012).

A motion to dismiss based on Federal Rule of Civil Procedure 12(b)(1) addresses whether the court has subject-matter jurisdiction to hear the dispute, *see* Fed. R. Civ. P. 12(b)(1), and Plaintiff bears the burden of proving that subject matter jurisdiction exists. *Evans v. B. F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "[F]ederal courts are courts of limited jurisdiction, constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (quotation omitted); *see Gunn v. Minton*, 568 U.S. 251, 256 (2013); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). There is no presumption that a federal court has subject-matter jurisdiction. *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). However, "when a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged." *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009). To determine whether subject matter jurisdiction is proper, the Court may consider evidence beyond the pleadings. *Evans*, 166 F.3d at 647.

A court cannot exercise subject-matter jurisdiction "over an individual who does not have standing." *Whipple v. Marcuse*, No. 3:24-CV-00325, 2024 WL 3761276, at *1 (W.D.N.C. Aug. 12, 2024) (quoting *AtlantiGas Corp. v. Columbia Gas Transmission Corp.*, 210 F. App'x

2

244, 247 (4th Cir. 2006)). Federal courts are limited by Article III of the United States Constitution to deciding actual "cases" or "controversies." U.S. Const. art. III § 2. The party invoking federal jurisdiction bears the burden of establishing standing. *Bishop v. Bartlett*, 575 F.3d 419, 424 (4th Cir. 2009) (citing *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231 (1990)) (additional citations omitted). If a plaintiff lacks standing, then there is no case or controversy, and the court lacks subject-matter jurisdiction over his claims. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) ("Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy."). The "'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 578 U.S. 330 at 338. Indeed, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 341.

## II.     FACTS AND PROCEDURAL HISTORY

The relevant facts have already been recounted in this Court's prior Order addressing GardaWorld's first Motion to Dismiss and need not be repeated at length here. *See* Doc. No. 34. In brief, Plaintiffs Blair Artis and Jonathan Fisher (collectively, "representative Plaintiffs" or "Plaintiffs") allege they are current or former employees of GardaWorld who participated in the Plan in dispute. The Plan imposed monthly surcharges on employees who used tobacco or who were not vaccinated against COVID-19. To avoid these surcharges, employees were required to attest that they did not smoke (or complete a tobacco-cessation program) and certify their COVID-19 vaccination status (or request an accommodation) by deadlines set in advance of each Plan year.

Plaintiffs claim the Plan violated ERISA because the Plan documents did not disclose a "reasonable alternative standard" or state that physician recommendations would be

3

accommodated, as required by ERISA's wellness-program regulations. They also allege the Plan unlawfully failed to offer retroactive refunds for employees who satisfied requirements after the cutoff date but before the end of the Plan year, thereby denying participants the "full reward" contemplated by regulation.

Finally, Plaintiffs also asserted a breach of fiduciary duty claim, alleging GardaWorld improperly assessed and retained unlawful surcharges, used Plan assets for its own benefit, and administered noncompliant wellness programs. GardaWorld moved to dismiss the First Amended Complaint, which the Court granted as to the breach of fiduciary duty claim, and denied as to the remaining claims alleging unlawful imposition of surcharges.

After conducting limited discovery, Plaintiffs determined that the representative plaintiffs were not participants in the ERISA Plan during the relevant period, and likely lacked Article III standing. Doc. No. 40-1 at 1. Plaintiffs subsequently moved to substitute three new representative plaintiffs who had participated in the Plan, and to amend their complaint pursuant to Federal Rules of Civil Procedure Rules 15 and 21. *See* Doc. No. 40-1. GardaWorld filed an opposition to the motion and separately moved to dismiss for lack of jurisdiction. Doc. Nos. 47, 42. The motions are fully briefed and ready for the Court's resolution.

### III. DISCUSSION

"Without jurisdiction [a] court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868). Put simply, "when a federal court has ruled that it lacks subject-matter jurisdiction, it must dismiss the case." *Lowy v. Daniel Def., LLC*, --- F.4th ---, No. 24-1822, 2026 WL 376731, at *16 (4th Cir. Feb. 11, 2026). Article III standing is a prerequisite to subject matter jurisdiction, and it must exist from

the moment the complaint is filed. *See Friends of the Earth, Inc. v. Laidlaw Environmental Servs., Inc.,* 528 U.S. 167, 214 (2000) (standing "must exist at the commencement of the litigation.").

In the class action context, "the standing inquiry focuses on the class representatives." 2 W. Rubenstein, *Newberg on Class Actions* § 2:3 (5th ed. 2021). To establish Article III standing, a class representative must allege—like any federal plaintiff—an injury in fact that is "concrete," "particularized," and "actual or imminent;" that the injury is "fairly traceable" to the defendant's conduct; and that it is likely to be "redressed by a favorable decision." *Bishop,* 575 F.3d at 423; *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

Consistent with these bedrock principles, the Fourth Circuit has long held that a representative plaintiff must be a member of the proposed class and must have suffered the injury alleged. *See Broussard v. Meineke Disc. Muffler Shops, Inc.,* 155 F.3d 331, 338 (4th Cir. 1998) (quoting *East Texas Motor Freight Sys. Inc. v. Rodriguez,* 431 U.S. 395, 403 (1977)) (noting the Supreme Court "has repeatedly held [that] a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members.").

Here, Plaintiffs' Motion to Amend/Correct Amended Complaint and Substitute Named Representative Plaintiffs confirms that neither class representative participated in the Plan at the center of this litigation and never suffered the injury alleged. Doc. Nos. 38 at 3, 40-1 at 1 ("After discussion between the Parties and a modest document production, Plaintiffs have confirmed that [they] were not Plan participants" during the relevant period). Because the representative Plaintiffs were never Plan participants, they could not have suffered an ERISA injury under the facts alleged, and they therefore lacked III standing from the moment the action was filed.[1]

---

[1] Although Plaintiffs did not participate in the Plan, they contend that they were still subjected to the challenged tobacco and vaccine surcharges for one pay period because of a

5

When standing is absent at the outset, federal jurisdiction never attaches. *Hill v. B. Frank Joy, LLC*, No. CV TDC-15-1120, 2016 WL 4194189, at *7 (D. Md. Aug. 9, 2016) (citations omitted). And where, as here, jurisdiction never attached, a court has no authority to retain the case or permit substitution in an uncertified class action.[2] *See Booth v. Prince George's County*, 66 F.R.D. 466, 472–76 (D. Md. 1975) (dismissing the action and concluding that a plaintiff who "suffered no injury" lacked Article III standing and, because no class had been certified, the court had no jurisdictional basis to retain the matter for purposes of substitution.).[3]

---

"company payroll glitch." Doc. No. 40-1 at 3. That error caused the surcharges to be withheld for a single pay period; however, the amounts were fully refunded in the next. *Id.* The Court finds this circumstance insufficient to plausibly allege a concrete injury.

[2] When a class action is certified by the court, "the class of unnamed persons described in the certification acquired a legal status separate from the interest asserted by [class representative]." *Sosna v. Iowa*, 419 U.S. 393, 399 (1975). In other words, after class certification, there are some circumstances, such as when a named plaintiff's claim becomes moot or they lack standing, where dismissal isn't required, and a court may decide to allow substitution of a named plaintiff. *See, e.g., Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013) (citing *Sosna*, 419 U.S. at 399) ("a class action is not rendered moot when the named plaintiff's individual claim becomes moot *after* the class has been duly certified."); *Castillo v. United Rentals (N. Am.), Inc.*, No. C17-1573JLR, 2018 WL 3429936, at *2 (W.D. Wash. July 16, 2018) ("[W]hen the named plaintiff's claim is defective—say, for instance, the named plaintiff lacks standing—substitution of the named plaintiff is permissible only when the class or collective action has actually been certified.").

[3] Courts widely reach this conclusion. *See, e.g., Walters v. Edgar*, 163 F.3d 430, 432, 437 (7th Cir. 1998) (holding that where the named plaintiffs "never had standing to bring this suit," federal jurisdiction "never attached," and because no class had been certified, the court lacked power to substitute new plaintiffs and was required to dismiss); *In re Mortgagors of Temple-Inland Mortgage Corp.*, No. CIV. A. 99-CV-4633, 2001 WL 177181 (E.D. Pa. Jan. 24, 2001) (holding that because all named plaintiffs were dismissed prior to certification, the action no longer presented a live case or controversy, leaving the court without Article III power to retain the suit for purposes of substitution or to compel discovery to locate a new representative; dismissal was required); *Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1159 (10th Cir. 2011) ("Prior to class certification, the named plaintiffs' failure to maintain a live case or controversy is fatal to the case as a whole—that unnamed plaintiffs might have a case or controversy is irrelevant."); *Crosby v. Bowater Inc.*, 382 F.3d 587, 597 (6th Cir. 2004) ("Where the named plaintiff's claim is one over which federal jurisdiction never attached, there can be no class action."); *Lierboe v. State Farm*, 350 F.3d 1018, 1023 (9th Cir. 2003) (vacating the class-certification order and remanding for dismissal upon determining that the named plaintiff lacked Article III standing from the inception of the case).

Although the Court is mindful of the efficiencies that might be gained by permitting amendment, it is equally compelled to consider the constitutional consequences of allowing plaintiffs to cure a jurisdictional defect through substitution. Accepting such a theory would erode Article III's limits by enabling litigants to initiate putative class actions with individuals who suffer no injury, secure the Court's involvement, and then—after the absence of standing is exposed—find and substitute a plaintiff with an actual stake in the controversy. Constitutional jurisdiction cannot be manufactured in this manner. Accordingly, because neither class representative plaintiff has standing, the Court lacks subject matter jurisdiction and the matter will be dismissed without prejudice.

## IV.  ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. No. 42) is **GRANTED**;

2. Plaintiffs' Motion to Amend/Correct Amended Complaint and Substitute Named Representative Plaintiffs (Doc. No. 40), is **DENIED** as moot; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 20, 2026

Kenneth D. Bell
United States District Judge